

FILED

2013 AUG -6  PM 2: 47

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | | |
|---|---|---|
| **COLIN O'KROLEY** | : | |
| | : | |
| | : | |
| | : | **Case No.** _____ |
| | : | |
| *Plaintiff (Pro Se),* | : | **JURY DEMAND** |
| | : | |
| | : | **1. WRONGFUL FALSE LIGHT** |
| | : | **INVASION OF PRIVACY;** |
| -vs- | : | **2. DEFAMATION;** |
| | : | **3. INTENTIONAL INFLICTION OF** |
| **FASTCASE INC, GOOGLE,** | : | **EMOTIONAL DISTRESS;** |
| **TEXAS OFFICE OF COURT** | : | **4. TENNESSEE PERSONAL** |
| **ADMINISTRATION,** | : | **RIGHTS PROTECTION** |
| **11th COURT OF APPEALS,** | : | **ACT, T.C.A. § 47-25-1105;** |
| **YASNI.COM** | : | **5. INJUNCTIVE RELIEF** |
| | : | **6. ENDORSEMENT FEES** |
| | : | **7. SEAL RECORDS** |
| | : | **8. ANONYMOUS FILING** |
| | : | **9. IMPERSONATING A JUDGE OR** |
| *Defendants.* | : | **LEGAL ENTITY OR OFFICER OF** |
| | : | **THE LAW** |
| | : | **10. FAILURE TO PROVIDE DUE** |
| | : | **PROCESS** |
| | : | **11. CRUEL AND UNUSUAL** |
| | : | **PUNISHMENT** |
| | : | **12. PRACTICING PSYCHOLOGY** |
| | : | **WITHOUT A LICENSE (UD&B)** |
| | : | **13. PSYCHOLOGICAL TORTURE** |
| | : | **(UD&B)** |
| | : | **14. BULLYING** |
| | : | **15. CYBER-BULLYING** |
| | : | **16. HATE CRIMES** |
| | : | **17. OBSTRUCTING JUSTICE /** |
| | : | **INTERFERING WITH A** |
| | : | **LITIGANTS RIGHT TO A FAIR** |
| | : | **TRIAL / JUROR POOL TAMPERING** |
| | : | **18. CONSPIRING TO COMMIT** |
| | : | **CRIMES** |
| | : | **19. AIDING AND ABETTING** |
| | : | **20. BIAS INTIMIDATION** |
| | : | **21. LIBEL** |
| | : | **22. NEGLIGENCE** |

## VERIFIED COMPLAINT

COMES NOW THE PLAINTIFF, COLIN O'KROLEY, who files this Complaint, and would respectfully state as follows:

## I.
## Introduction

1.    The Plaintiff, Colin O'Kroley brings this action for wrongful false light invasion of privacy, misappropriation of name, intentional infliction of emotional injury, violation of the Tennessee Personal Rights Protection Act, Tenn. Code Ann. § 47-25-1105 , defamation, and (failure to pay) endorsement fees, etc. arising out of the Defendants' commercial use, display of Plaintiff, Colin O'Kroley's name on various Internet websites, coupled with false and defamatory descriptions and commentary about the Plaintiff displaying his name or matters related to him after such phrases as "… indecency with a child…", "… bad news…", "…Cause No. …" and other defamatory mischaracterizations or characterizations he does not wish to endorse, promote or have any association with except where required by law (AS THE LAW WAS ORIGINALLY DRAFTED and WITH THE SPIRIT THE LAW WAS ORIGINALLY DRAFTED WITH). Plaintiff seeks to recover his actual damages that include his severe mental anguish and emotional distress with manifestations that impact his daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also his economic damages such as unpaid endorsement fees and diminished value of intellectual property. As a further consequence of the Defendants' (primarily Fastcase Inc. and Google although others may be involved) malicious, intentional and tortious actions, the Plaintiff has suffered injury for which he seeks punitive damages. Plaintiff seeks permanent injunctive relief enjoining the Defendents from any further publication or distribution of any documents using the Plaintiff's name Colin O'Kroley without his expressed written consent (and any such consent would involve product or service endorsement fees).

## II.
## Jurisdiction and Venue

2.     This court is vested with jurisdiction to adjudicate all claims presented in this case pursuant to 28 U.S.C. § 1331, this being a case involving diversity of citizenship (due to misperceptions caused by or of the parties). In addition, venue is proper in this federal district since the claims all arise in the Middle District of Tennessee, including from Fairview, TN the city where the plaintiff first noticed the Google results referenced below as evidence.

## III.
## Parties

3.     Plaintiff, Colin O'Kroley is an adult citizen and resident of Bon Aqua, Dickson County, Tennessee. If one were to believe the libel, lies, innuendo or insinuations of the defendants, the subsequent misperceptions manifested from their statements would grant the plaintiff, either under equal protection of the law or outright, the same protections as granted in a 'diversity' case. Furthermore, equal protection under the law should apply in any scenario.

4.     Defendant Fastcase Inc is a corporation located at 1155 15th St. NW, suite 1000, Washington, D.C. 20005. Ph703-740-5920 fax 703-740-5960 Also (Customer Service: 866-773-2782 support@fastcase.com) (Sales: 703-740-5920 sales@fastcase.com) CEO: Ed Walters

5.     Defendant GOOGLE, is a corporation headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043 ph 650-253-0000 fax 650-253-0001 Founded 9/4/1998 by Larry Page and Sergey Brin and listed as GOOG (NASDAQ) CEO: Larry Page

6.     Defendant 11th COURT OF APPEALS (or "Court of Appeals Eleventh District of Texas") is located at 100 West Main Street, Suite 300, P.O. Box 271, Eastland, TX 76448-0271 ph:254-629-2638 fax: 254-629-2191 (Clerk: Sherry Williamson sherry.williamson@txcourts.gov, www.11thcoa.courts.state.tx.us)

7.      Defendant TEXAS OFFICE OF COURT ADMINISTRATION's physical location is:

> Tom C. Clark Building
> 205 West 14th Street, Suite 600
> Austin, Texas 78701
> **Main Telephone Number:** (512) 463-1625
> **Fax Number:** (512) 463-1648

Plaintiff also contacted them via email at: Judy.Speer-Gamino@courts.state.tx.us

8.      Defendant YASNI's physical location is described in their emails as:

> yasni GmbH, Lyoner Str. 14, 60528 Frankfurt am Main, Germany
>
> HRB 81064, AG Frankfurt am Main, CEO: Steffen RÃ¼hl

9.      Other defendants will be added if discovery or further investigation warrants it. (and to not force last minute renumbering)

10.     reserved for Defendant TBD (and to not force last minute renumbering)

11.     reserved for Defendant TBD (and to not force last minute renumbering)

12.     reserved for Defendant TBD (and to not force last minute renumbering)

13.     reserved for Defendant TBD (and to not force last minute renumbering)

## IV.
### Facts

14.     On or around August 7, 2012, Plaintiff Colin O'Kroley, "googled" his own name on a computer located in the Fairview TN library in Williamson County Tennessee. The library provides patrons with computers for personal use including internet access.

15.     On the webpage below the Google website search field (something like) the following entry appeared:

Texas Advance Sheet March 2012 – Google Books Result
books.google.com/books?id-kO1rxn9COwsC...

Fastcase – 2012

… indecency with a child in Trial Court Cause N … Colin O'Kroley v Pringle. (Tex.App.,. 2012). MEMORANDUM OPINION On February 9, 2012, **Colin O'Kroley** filed in.

The use of (… ) is defined in the Harbrace College Handbook and other textbooks clearly to be used within a single well-defined writing sample and is defined clearly NOT to be used to link two unrelated pieces of writing. Here the crime for which John C. Wheeler or someone named Bachmann or some other person was indicted for by a grand jury in the previous entry of the ebook was linked to the name of the plaintiff which was listed in the following entry of the ebook (but commencing at the bottom of the same page as the John C. Wheeler (or other person's entry) through the improper use of the grammatical tool (…). The effect when applying the rules of the English language as defined by Harbrace and others is to link the crime of someone other than Colin O'Kroley to the Trial Court Cause of "Colin O'Kroley v Pringle." The judge in the cause of "Colin O'Kroley vs. Pringle" (there are actually more defendants – so this is another fallacy being created by the defendants in this cause – and even "Pringle" is defined as 'Ray Pringle' and therefore yet another fallacy being created by the defendants in this cause) stated that the case was of 'undetermined' charges or something to that effect. Also, upon closer examination, ending the 'blurb' with 'filed in.' is also erroneous as it creates a sentence fragment and does not indicate that text has been removed (as the use of (…), for example, would).

16.     Defendant Google provides search engine results to internet users and apparently is also the company promoting, and/or producing and/or selling Google ebooks. Also, Google generates revenue through advertising and other means. Defendant Fastcase Inc. is apparently the author of 'Texas Advance Sheet March 2012 ' the ebook being sold through the link noted above (as well as possibly other means).

17.     Plaintiff contacted Judy Speer – Gamino several times via email prior to discovering the libel noted above.

18.    Plaintiff contacted and/or attempted to contact Fastcase LLC

19.    Plaintiff Contacted and/or attempted to contact Google and/or Google ebooks

20.    The layout of the Fastcase page when clicked changed at one point from a "boxed" version of the words required to libel the Plaintiff to a "scrolling" of the words required to libel the Plaintiff. The position of the entry in the list of search results also varied and one day even appeared every other search as opposed to every search.

21.    On or about April 2013 Plaintiff contacted several on-line entities regarding the promotion of his invention (US Patent #8322943). At the time the above-mentioned Google entry was located on approximately page 2 in the middle of the page. Shortly after the promotion the Plaintiff noticed the above-mentioned entry around the middle of page one of the search. Entries typically move up in placement in search engines if they are being 'clicked on' more than other entries. A reasonable person could conclude that the promotion led to informal "background checks" of the plaintiff and that the focus of the informal "background checks" was the Fastcase / ebook / google entry mentioned above. Plaintiff has currently priced the licensing fees of the invention at $1000 per capita per year per structure giving it a value in the U.S. of approximately ((assuming maximum market penetration) $1000 x 400,000,000 x 16 x 3 = ) $19,200,000,000,000. In addition, the Plaintiff has other intellectual properties as well that may be similarly affected by this libel so the maximum current estimated values of those items ($102,000,000) could be added to the total. Also, Plaintiff has prices for the use of his name to endorse products. The price to use the Plaintiff's name to endorse a product (where the Plaintiff is not disparaged in any way in the process) is $2,000 per second. The price to use the Plaintiff's name to endorse a product (where the Plaintiff is or could be deemed disparaged in any way in the process) is $200,000 per second. Whether these prices are for the time the Plaintiff's name is located 'in the cloud' or actually being seen by individual's eyes is yet another point that may be contended. Plaintiff would argue for whichever produces greater revenue or fee generation for him. Considering that the Plaintiff's name has been used to promote the Google ebook by Fastcase in a manner that does or could disparage him (or even just *could possibly be considered*

disparaging or in any negative light (true or false)) the maximum total damages including product endorsement fees are estimated in this case to be over:

$$\$19,200,000,000,000$$

Because the Defendants are unlikely to be able to pay the above amount, a "minimum" total damages could be estimated at (considering their involvement and ability to pay):

$$\$218,000,000$$

Either estimate would also include the product endorsement fees for the other Defendants or potential defendants (who still may be named) who have used the plaintiff's name without his consent to promote their websites, products or services or their conclusions or what have you. For instance, when did findacase get permission to promote their website via a search of the Plaintiff's name? Never! When did the 11th Court of appeals get permission to promote their website using the Plaintiff's name? Never! In fact, the Plaintiff advised them to get his name off of their website. It is one thing to walk into a Courthouse and look up a person's dealings with that Court but it is another thing to 'hang a permanent electronic (or physical) banner' around a person (or their name) which promotes a website (or Courthouse) that describes their dealings with that person. This is why the plaintiff brought up the point earlier that the law when ORIGNALLY DRAFTED did not have the 'spirit' of 'hanging a physical (or electronic) banner around a person's neck (or name)'. If someone wants to look up how a particular Court dealt with someone they should FIRST have to visit that Court on-line or in-person THEN search for the Courts records on that person. UNLESS THE PERSON authorized the use of his name (or likeness) to promote the website or structure that houses his dealings with the Court the Court should not be able to use his name. For that matter unless Google was AUTHORIZED to promote a particular website using someone's name, picture or likeness they should not legally be allowed to do it.

An alternative scenario to the unauthorized background check scenario shown above is the scenario where one or more of the defendants (and/or other co-conspirator to be named)

deliberately manipulated the search results to make it appear as though the libelous entry mentioned above had moved up the list due to activity of his contacts when, in fact, it was just manipulated by said entity to appear as such in an effort to induce psychological torture upon the plaintiff. Hence, the charges of practicing psychology without a license and psychological torture listed above are (UB&D) that is, upon determination and belief, in the event that the positioning of the libelous entry was not due to activity of entities the plaintiff had contacted but by a nefarious party listed above (or co-conspiring with one of those listed above).

       22.     Plaintiff has also been harassed and/or 'pointed out' by individuals in person and on-line by individuals as well as by apparently various entities including law enforcement agencies (through BOGUS "community policing" efforts that have no foundation and, in fact, Plaintiff deliberately provided foundations to cease such policing efforts on at least two occasions – but these actions apparently were illogically (and idiotically) cited to continue the bogus policing efforts). Such efforts, upon determination and belief, are used to progress along the 'phases of hatred' as defined elsewhere in this document. (The phases being social isolation/ostracism, financial isolation/ruin, marginalization/justification, eradication (or something to that effect)). This is how some of the charges of hate crimes etc are being generated despite the fact that ALL of the defendants / participants have not (yet) been named. I might add that the "dynamic" of hatred is often overlooked in discussions of hatred. The Hatsfield's AND the McCoy's are a good example of the DYNAMIC of hatred but most other stories about hatred tend to portray the hater as evil and the hated as victim. The truth is the Plaintiff has long found the 'efforts' of law enforcement 'disturbing' and he genuinely loathes their efforts (since there is no real foundation for them) and it is particularly easy to retaliate against their efforts by "pissing them off" by simply exercising his extremely simple and basic rights of free speech freedom to associate. Plaintiff is Pro Se only because of time limits and although he can describe wrong-doing he doesn't know which 'legal framework' to use in every case and therefore this case may have to be amended (preferably by an attorney) as the parties and causes become more clear.

23.     The actions of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), in posting these unauthorized, deceptive, false, misleading and defamatory comments in a manner linking them to the Plaintiff were intentional, deliberate and malicious and have proximately caused the Plaintiff to suffer severe mental anguish and emotional distress with manifestations that impact his daily life and routines, humiliation, embarrassment, fear, and other non-economic damages and also his economic damages.

## V.
## Causes of Action

### COUNT I
### Tennessee Personal Rights Protection Act
### Tenn. Code Ann. § 47-25-1105

24.     Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 23 above, and Plaintiff further alleges as follows:

25.     The Defendants, primarily Fastcase Inc. and Google (although others may have been involved) are liable to the Plaintiff for their actions which constitute a violation of the Tennessee Personal Rights Protection Act, Tenn. Code Ann. § 47-25-1105. This code section provides, in relevant part, as follows:

**Tenn. Code Ann. § 47-25-1105. Unauthorized Use.**

> (a) Any person who knowingly uses or infringes upon the use of another individual's name, photograph, or likeness in any medium, in any manner directed to any person other than such individual, as an item of commerce for purposes of fund raising, solicitation of donations, purchases of products, merchandise, goods, or services, without such individual's prior consent, or, in the case of a minor, the prior consent of such minor's parent or legal guardian, or in the case of a deceased

individual, the consent of the executor or administrator, heirs, or devisees of such deceased individual, shall be liable to a civil action.

(b) In addition to the civil action authorized by this section and the remedies set out in § 47-25-1106, any person who commits unauthorized use as defined in subsection (a) commits a Class A misdemeanor.

(c) It is no defense to the unauthorized use defined in subsection (a) that the photograph includes more than one (1) individual so identifiable; provided, that the individual or individuals complaining of the use shall be represented as individuals per se rather than solely as members of a definable group represented in the photograph.

26.    Pursuant to Tenn. Code Ann. § 47-25-1106(d), the Plaintiff is entitled to judgment against each of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved) for his actual damages suffered as a result of the Defendant's knowing use or infringement of the Plaintiff's rights and any profits that are attributable to such use or infringement which are not taken into account in computing actual damages. Profit or lack thereof by the unauthorized use or infringement of the Plaintiff's rights shall not be considered a criterion of determining the Defendants' liability.

## COUNT II
### False Light Invasion of Privacy

27.    Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 23 above, and Plaintiff further alleges as follows:

28.    The Defendants, primarily Fastcase Inc. and Google (although others may have been involved) are liable to the Plaintiffs for compensatory damages arising out of their actions in displaying to the world deceptive, degrading, false, indecent, insulting, and defamatory accounts of Colin O'Kroley casting him in a false light and invading his personal privacy.

29.     The actions by the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), have unreasonably and seriously interfered with the Plaintiff's interest in not having his name exhibited to the public.

30.     The Defendants, primarily Fastcase Inc. and Google (although others may have been involved) knew or should have realized that their actions would be offensive to persons of ordinary sensibilities and that this intrusion into the Plaintiff's personal life would exceed the bounds of human decency.

31.     As a direct and proximate result of the Defendant, Google's intentional false light invasion of the Plaintiff's privacy, the Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiff for compensatory and punitive damages.

32.     As a direct and proximate result of the Defendant, Fastcase Inc.'s intentional false light invasion of the Plaintiff's privacy, the Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiff for compensatory and punitive damages.

33.     As a direct and proximate result of the Defendant, Texas Office of Court Administration's intentional false light invasion of the Plaintiff's privacy, the Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiff for compensatory and punitive damages.

34. As a direct and proximate result of the Defendant, 11th Court of Appeal's intentional false light invasion of the Plaintiff's privacy, the Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiff for compensatory and punitive damages.

35. As a direct and proximate result of the Defendant, YASNI's intentional false light invasion of the Plaintiff's privacy, the Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiff for compensatory and punitive damages.

## COUNT III
### Intentional Infliction of Emotional Distress

36. Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 35 above, and Plaintiff further alleges as follows:

37. The Defendants, primarily Fastcase Inc. and Google (although others may have been involved), each individually through their own independent actions as set forth herein are liable to the Plaintiff's for the tort of intentional infliction of emotional distress.

38. The Defendants exceeded the bounds of human decency to the point of being outrageous and their actions have inflicted severe emotional injury on the Plaintiff entitling him to an award of compensatory and punitive damages.

# COUNT IV
## Defamation

39.     Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 38 above, and Plaintiff further alleges as follows:

40.     The statements of the Defendant Fastcase LLC, which were published about the Plaintiff Colin O'Kroley, were false and were made by Fastcase LLC with the knowledge of their falsity, or with reckless disregard for the truth and accuracy of such statements.

41.     As a direct and proximate result of the Defendant, Fastcase LLC's false and defamatory statements about the Plaintiff Colin O'Kroley, the Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiff for compensatory and punitive damages.

42.     The statements of the Defendant Google, which were published about the Plaintiff Colin O'Kroley, were false and were made by Google with the knowledge of their falsity, or with reckless disregard for the truth and accuracy of such statements.

43.     As a direct and proximate result of the Defendant, Google's false and defamatory statements about the Plaintiff Colin O'Kroley, the Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiff for compensatory and punitive damages.

44.     The statements of the Defendant Yasni which were published about the Plaintiff Colin O'Kroley, were false and were made by Yasni with the knowledge of their falsity, or with reckless disregard for the truth and accuracy of such statements.

45.     As a direct and proximate result of the Defendant, Yasni's false and defamatory statements about the Plaintiff Colin O'Kroley, the Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiff for compensatory and punitive damages.

## COUNT V

### Injunctive Relief

46.     Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 45 above, and Plaintiff further alleges as follows:

47.     The Plaintiff has suffered, and will continue to suffer irreparable injury if the Defendants are not enjoined from the further publication and distribution of the name of the Plaintiff Colin O'Kroley.

## COUNT VI

### UNPAID ENDORSEMENT FEES / FRAUD / FAILURE TO PAY

48.     Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 47 above, and Plaintiff further alleges as follows:

49.     The statements of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, were endorsements of products, services and/or websites. Such product endorsements have

commercial value and the Plaintiff is entitled to just compensation for said endorsements in the manner out-lined above. With regards to the Plaintiff's pricing, in the event that the Defendant's find it too high, CAVEAT EMPTOR! – LET THE BUYER BEWARE! The Defendant's should have obtained authorization for the use of the plaintiff's name AND HIS PRICING FOR ENDORSEMENTS BEFORE USING THE PLAINTIFF'S NAME!

## "COUNT VII"
## SEAL RECORDS

50. Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 49 above, and Plaintiff further alleges as follows:

51. The statements of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, were libelous and beyond the boundaries of human decency and therefore all Court documents containing said libelous statements should be SEALED! Furthermore, since the Plaintiff did not authorize use of his name by other parties nor was he justly compensated to promote, endorse or in any way be associated with the other parties or their products or services, all other materials used by the other parties to illegally use without authorization to promote or endorse their products or services should also be sealed. That is, the 11th Court of Appeals materials, since they are being corrupted to produce libel should also be sealed. Plaintiff hereby requests all documents being derived to produce the appeal (from any and all applicable lower Courts) also be sealed.

## "COUNT VIII"
## ANONYMOUS FILING

52. Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 51 above, and Plaintiff further alleges as follows:

53.    The statements of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved),, which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, were libelous and beyond the boundaries of human decency and therefore all Court documents containing said libelous statements should be filed ANONYMOUSLY! Recently, the Plaintiff discovered an illegal sub-class of citizens who were allowed to file anonymously. This sub-class was made up of minors, MANY OF WHOM DO NOT HAVE THE WHEREWITHALL TO TAKE EXTRALEGAL ACTIONS! This is a "backward" policy – most likely based on 'hokum' in the same manner that fallacies such as "no two finger prints are alike", "eye witness accounts are reliable", "all witnesses and suspects have eidetic (super-autobiographical or 'perfect') memories, and "suspect confessions are reliable" have all been perpetuated over the years only to be discovered to be 'hokum' under closer scrutiny. In other words, IF IT IS A BAD IDEA to publish a minors name in a court document it is at least as equally a BAD IDEA to publish an adults name in a court document. Statistics will likely demonstrate that physical attacks that occur after one litigant 'loses' and decides the verdict was 'unfair' and subsequently takes extra-legal action is MORE LIKELY TO BE AN ADULT. Furthermore, there is now a STIGMA attached to people who are 'LITIGOUS' which creates a 'FREEZING' or 'ICING' effect on the population thereby, in effect, denying them due process. A population that, incidentally, is supposed to have a right to express grievances against the state. (or against one another.) Therefore, logic would dictate that ALL future filings with all Courts should be anonymous. Another way to put it is that everyone is created equal and since one sub-class of citizens has been afforded the luxury of filing anonymously then – under the principle of equal protection under the law – all citizens should be afforded the same luxury as the afore-mentioned sub-class.

**COUNT IV**

**IMPERSONATING A JUDGE OR LEGAL ENTITY OR OFFICER OF THE LAW**

54.     Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 53 above, and Plaintiff further alleges as follows:

55.     The statements of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved) which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, appear to have a legal underpinning or in other words appear to be written by a Judge or other official within the justice system. Since neither Fastcase Inc. nor Google have a legal standing to write such comments, their actions illegally mimic those of a Judge, Legal Entity or Officer of the Law.

## COUNT X
### FAILURE TO PROVIDE DUE PROCESS

56.     Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 55 above, and Plaintiff further alleges as follows:

57.     The statements of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, appear to have a legal underpinning or in other words appear to be written by a Judge or other official within the justice system. Since the Plaintiff was never questioned by police, charged, indicted, tried or convicted of the crimes or statements made by the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), the Plaintiff was denied his right to due process guaranteed to him by the Constitution of the United States.

## COUNT XI
### CRUEL AND UNUSUAL PUNISHMENT

58.     Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 57 above, and Plaintiff further alleges as follows:

59.     The statements of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, appear to have a legal underpinning or in other words appear to be written by a Judge or other official within the justice system. Since the Plaintiff was never questioned by police, charged, indicted, tried or convicted of the crimes or statements made by the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), the Plaintiff was denied his right to due process guaranteed to him by the Constitution of the United States. The subsequent publication of the alleged crime which the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), associated with the Plaintiff's name is cruel and unusual punishment because the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), have absolutely no standing or authority with the law and only their illegal impersonation of legal authorities and illegal 'conviction' of the Plaintiff give rise to their publishing his name in a manner that is worse than a sex-offender registry because at least said registry needs to be accessed first before one can then search a name in it (as far as the plaintiff is aware). This same step should be required to access the legal records of the plaintiff which all of the Defendants are displaying under the plaintiff's name without the plaintiff's authorized use of his name to endorse such websites. In fact, as shown above plaintiff believes all filings should be anonymous from this point on because of 'hokum', stigma, and the spirit of the law regarding court records. (The spirit of the law was that a person could look up someone's legal dealings ONCE INSIDE A COURTHOUSE not after merely obtaining a person's name and "googling" it. "Googling" someone's name to find court dealings VIOLATES THE SPIRIT OF THE LAW by skipping the step of forcing the searcher to enter into a courthouse (or at least INTO A COURTHOUSE website before searching his legal dealings). The effect is as if the original law states the litigant must 'wear a banner' at all times describing their legal dealings with the courts – which is clearly not written into the original law. Other search engines are not producing the

same libel or 'legal results' (both 'legal' and illegal) that Google's search engine is producing. Plaintiff has not yet tested the theory of googling a sex offender's name to immediately find the sex offender registry link but he will. (in any event if it does come up it still violates the spirit of the law regarding court records)

## COUNT XII
## PRACTICING PSYCHOLOGY WITHOUT A LICENSE (UD&B)

60.    Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 59 above, and Plaintiff further alleges as follows:

61.    The actions of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, appear to have a social component whereby the Plaintiff's contacts appear to be "googling" his name and "clicking on" the libelous content of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved).   This is indicated by the libelous materials rising through the ranks of the search engine results.  Upon determination and belief, if the rising of the libel up the search engine results list is not through normal use, it is then via abnormal manipulation of search results by the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), to have a negative psychological impact upon the plaintiff.  The steps of hatred have been defined and include something like: Social ostracism or isolation, Financial 'strangulation', the Justification of the marginalization of the victim, and the 'eradication' or attacking of the victim.  By either ostracizing the plaintiff with the public or by mimicking that phenomenon, the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), are making their way down the 'steps of hatred' list.

## COUNT XIII

## PSYCHOLOGICAL TORTURE   (UD&B)

62.     Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 61 above, and Plaintiff further alleges as follows:

63.     The actions of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, appear to have a social component whereby the Plaintiff's contacts appear to be "googling" his name and "clicking on" the libelous content of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved),.  This is indicated by the libelous materials rising through the ranks of the search engine results.  Upon determination and belief, if the rising of the libel up the search engine results list is not through normal use, it is then via abnormal manipulation of search results by the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), or their co-conspirators to have a negative psychological impact upon the plaintiff.  The steps of hatred have been defined and include something like: Social ostracism or isolation, Financial 'strangulation', the Justification of the marginalization of the victim, and the 'eradication' or attacking of the victim.  By either ostracizing the plaintiff with the public or by mimicking that phenomenon the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), are making their way down the 'steps of hatred' list.  The effect on the plaintiff is that of 'torture' via social isolation and/or ostracism as well as financial impairment.

# COUNT XIV
# BULLYING

64.     Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 63 above, and Plaintiff further alleges as follows:

65.     The actions of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, can be construed as "bullying" because they appear to have a social component whereby the Plaintiff's contacts appear to be "googling" his name and "clicking on" the libelous content of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved),. This is indicated by the libelous materials rising through the ranks of the search engine results. The steps of hatred have been defined and include something like: Social ostracism or isolation, Financial 'strangulation', the Justification of the marginalization of the victim, and the 'eradication' or attacking of the victim. By either ostracizing the plaintiff with the public or by mimicking that phenomenon the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), are making their way down the 'steps of hatred' list. The effect on the plaintiff is that of 'bullying' via social isolation and/or ostracism as well as financial impairment. Equal protection under the law applies if bullying currently is directed towards an illegal sub-class of citizens.

## COUNT XV
## CYBER-BULLYING

66.     Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 65 above, and Plaintiff further alleges as follows:

67.     The actions of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, can be construed as "cyber-bullying" because they occurred on-line and appear to have a social component whereby the Plaintiff's contacts appear to be "googling" his name and "clicking on" the libelous content of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved),. This is indicated by the libelous materials rising through the ranks of the

search engine results. The steps of hatred have been defined and include something like: Social ostracism or isolation, Financial 'strangulation', the Justification of the marginalization of the victim, and the 'eradication' or attacking of the victim. By either ostracizing the plaintiff with the public or by mimicking that phenomenon the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), are making their way down the 'steps of hatred' list. The effect on the plaintiff is that of 'cyber-bullying' via social isolation and/or ostracism as well as financial impairment. Equal protection under the law applies if cyber-bullying currently is directed towards an illegal sub-class of citizens. Furthermore, another co-conspirator (TBD later during discover) may be using email to cyber-bully the plaintiff.

## COUNT XVI
## HATE CRIMES

68. Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 67 above, and Plaintiff further alleges as follows:

69. The actions of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, can be construed as "heinous" because they involved alleged sexual deviancy with a minor. Hate crimes can occur against people who are or are misperceived to have a sexual-orientation other that hetero-sexual (unless it is 'reverse' hatred). The steps of hatred have been defined and include something like: Social ostracism or isolation, Financial 'strangulation', the Justification of the marginalization of the victim, and the 'eradication' or attacking of the victim. By either ostracizing the plaintiff with the public or by mimicking that phenomenon the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), are making their way down the 'steps of hatred' list. The effect on the plaintiff is that of 'hate crimes' via social isolation and/or ostracism as well as financial impairment and these forms of attacks are due to the defendant's misperception of the plaintiff's sexual orientation. Equal protection under the law applies if sexual-orientation is the basis of the defendant's illegal activities and attacks.

Furthermore, another co-conspirator (TBD later during discovery) may be using email to cyber-bully the plaintiff and attack him based on their misperception of his sexual-orientation.

## COUNT XVII
## OBSTRUCTING JUSTICE / INTERFERING WITH A LITIGANTS RIGHT TO A FAIR TRIAL / JUROR POOL TAMPERING

70.     Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 69 above, and Plaintiff further alleges as follows:

71.     The actions of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, can be construed as obstructing justice because the cases they refer to is on-going to this day (8-1-2013) and not yet resolved.

## COUNT XVIII
## CONSPIRING TO COMMIT CRIMES

72.     Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 71 above, and Plaintiff further alleges as follows:

73.     The actions of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, can be construed as the work of more than one participant thus conspiracy charges, upon determination and belief, are warranted.

## COUNT XIX
### AIDING AND ABETTING

74.    Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 73 above, and Plaintiff further alleges as follows:

75.    The actions of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, can be construed as the work of more than one participant thus aiding and abetting charges, upon determination and belief, are warranted.

## COUNT XX
### BIAS INTIMIDATION

76.    Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 75 above, and Plaintiff further alleges as follows:

77.    The actions of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, can be construed as pertaining to the defendant's misperception of the plaintiff's sexual-orientation thus bias intimidation charges, upon determination and belief, are warranted.

## COUNT XXI
### LIBEL

78.    Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 77 above, and Plaintiff further alleges as follows:

79.     The actions of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, can be construed as being libelous and therefore libel charges are warranted.  Other states have separate libel laws and since the information is disseminated globally these other libel laws (perhaps upon appeal) may come into play if they do not apply immediately in the state of Tennessee.

## COUNT XXII
### NEGLIGENCE

80.     Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 79 above, and Plaintiff further alleges as follows:

81.     The actions of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved),, which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, can be construed as being libelous and therefore libel charges are warranted.  Since the plaintiff warned several of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), of the situation and the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), that were warned did nothing to change the situation the charge of negligence is applicable.

## COUNT XXIII
### FTC 'BAIT AND SWITCH' VIOLATION

82.     Plaintiff incorporates by reference herein the allegations contained in ¶ 1 through 81 above, and Plaintiff further alleges as follows:

83.     Since the statements of the Defendants, primarily Fastcase Inc. and Google (although others may have been involved), which were published about the Plaintiff Colin O'Kroley or which were published near, around or underneath the Plaintiff Colin O'Kroley's name, can be determined as being related to the previous entry of the ebook and not to the entry

associated with the Plaintiff's name, an illegal FTC 'bait and switch' violation has occurred. In other words, the plaintiff's name was associated with the crime mentioned in the previous entry of the ebook which was related to a different person.

WHEREFORE, PLAINTIFF REQUEST:

1.     That he be allowed to file this Verified Complaint, and that process issue to each of the Defendants requiring them to respond within the time required under the Federal Rules of Civil Procedure;

2.     That at the trial of this cause, the Plaintiff Colin O'Kroley be awarded judgment against the Defendants as follows:

a.     Judgment against Fastcase Inc. for compensatory damages in the amount of Fifty Million Dollars ($50,000,000);

b.     Judgment against Fastcase Inc. for punitive damages in the amount of Fifty Million Dollars ($50,000,000);

c.     Judgment against Google for compensatory damages in the amount of Fifty Million Dollars ($50,000,000);

d.     Judgment against Google for punitive damages in the amount of Fifty Million Dollars ($50,000,000);

e.     Judgment against Texas Office of Court Administration for compensatory damages in the amount of Two Million Dollars ($2,000,000);

f.     Judgment against Texas Office of Court Administration for punitive damages in the amount of Two Million Dollars ($2,000,000);

g.     Judgment against 11th Court of Appeals for compensatory damages in the amount of Two Million Dollars ($2,000,000);

h.     Judgment against 11th Court of Appeals for punitive damages in the amount of Two Million Dollars ($2,000,000);

i.     Judgment against Yasni.com for compensatory damages in the amount of Five Million Dollars ($5,000,000);

j.     Judgment against Yasni.com for punitive damages in the amount of Five Million Dollars ($5,000,000);

3.     That this court issue a permanent injunction enjoining and restraining the Defendants, their agents, employees, attorneys and all persons acting in concert with them from any further use, publication or dissemination of the Plaintiff Colin O'Kroley's name, image or likeness, and further ordering the Defendants to remove all traces of this Plaintiff's name, image or likeness from and all forms of media, including digital and print.

4.     That Plaintiff has such further general and statutory relief as to which he may be entitled, including court costs and reasonable attorney's fees.

5.     Plaintiff demands a jury of six to hear and try all issues properly submitted to a trier of fact.

This _6th_ day of _August_, 2013

Respectfully submitted,

Colin O'Kroley, Plaintiff (Pro Se)
785 Parker Creek Rd
Bon Aqua, TN 37025-5036
931-623-8291

## VERIFICATION

Colin O'Kroley, Plaintiff (Pro Se)
785 Parker Creek Rd
Bon Aqua, TN 37025-5036
931-623-8291

STATE OF TENNESSEE     }
COUNTY OF DAVIDSON     }

Personally appeared before me, a notary public in and for said county and state, the above-signed, Colin O'Kroley, and did make oath that the information contained in the foregoing Complaint was true and correct to the best of his knowledge, information and belief.

Sword to and subscribed before me on this ___6th___ day of __August__, 2013



Notary Public

My commission expires: _6-21-16_

Please serve the following parties – preferably via certified mail (attn or c/o the CEO named or other contact mentioned if no CEO is listed:

Defendant Fastcase Inc is a corporation located at 1155 15th St. NW, suite 1000, Washington, D.C. 20005. Ph703-740-5920 fax 703-740-5960 Also (Customer Service: 866-773-2782 support@fastcase.com) (Sales: 703-740-5920 sales@fastcase.com) CEO: Ed Walters

Defendant GOOGLE, is a corporation headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043 ph 650-253-0000 fax 650-253-0001 Founded 9/4/1998 by Larry Page and Sergey Brin and listed as GOOG (NASDAQ) CEO: Larry Page

Defendant 11th COURT OF APPEALS (or "Court of Appeals Eleventh District of Texas") is located at 100 West Main Street, Suite 300, P.O. Box 271, Eastland, TX 76448-0271 ph:254-629-2638 fax: 254-629-2191 (Clerk: Sherry Williamson sherry.williamson@txcourts.gov, www.11thcoa.courts.state.tx.us)

Defendant TEXAS OFFICE OF COURT ADMINISTRATION's physical location is:

Tom C. Clark Building
205 West 14th Street, Suite 600
Austin, Texas 78701
**Main Telephone Number:** (512) 463-1625
**Fax Number:** (512) 463-1648

Plaintiff also contacted them via email at: Judy.Speer-Gamino@courts.state.tx.us

Defendant YASNI's physical location is described in their emails as:

yasni GmbH, Lyoner Str. 14, 60528 Frankfurt am Main, Germany

HRB 81064, AG Frankfurt am Main, CEO: Steffen Ruehl a.k.a.

Steffen Ruhl