```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

COLIN O'KROLEY,                       )
                                      )
       Plaintiff                      )
                                      )     No. 3:13-0780
v.                                    )     Judge Campbell/Bryant
                                      )     **Jury Demand**
FASTCASE INC, GOOGLE, TEXAS           )
OFFICE OF COURT ADMINISTRATION,       )
11TH COURT APPEALS, YASNI.COM,        )
                                      )
       Defendants                     )

**TO:   THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

Defendants Eleventh Court of Appeals of Texas and the Texas Office of Court Administration (collectively "Texas Courts") have filed their motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure (Docket Entry No. 26). Plaintiff has not responded in opposition, and the time within which he was obligated to do so has expired.

This motion has been referred to the undersigned Magistrate Judge for a report and recommendation (Docket Entry No. 4).

For the reasons stated below, the undersigned recommends that these Defendants' motion to dismiss be GRANTED for lack of personal jurisdiction, and that the complaint against these Defendants be dismissed without prejudice.

**STATEMENT OF THE CASE**

Plaintiff Colin O'Kroley, who is proceeding *pro se*, has filed his complaint against the Texas Courts and others alleging that a Google internet search result wrongfully associates his name with a criminal charge lodged against an unrelated third person. Plaintiff asserts numerous legal claims based upon these facts, and seeks money damages, both compensatory and punitive, as well as certain injunctive relief.

The Texas Courts have filed their motion to dismiss on several legal grounds including lack of personal jurisdiction in this district.

**SUMMARY OF PERTINENT FACTS**

Although the lengthy complaint consists in large part of legal labels, inferences and conclusions, the undersigned has extracted the following pertinent facts. O'Kroley claims that on or about August 7, 2012, he performed a Google internet search on his own name at a library in Fairview, Tennessee. Among the search results produced, O'Kroley found a link to a website named "Texas Advance Sheet March 2012," allegedly maintained by Defendant Fastcase, Inc. Included in this search result listing was a sentence fragment containing the words "indecency with a child" as well as a reference to a case entitled "*O'Kroley v. Kringle*." These two references in the search result listing were separated by an

ellipsis, punctuation consisting of three periods separated by spaces (Docket Entry No. 1 at 4-5).[1]

**ANALYSIS**[2]

Defendant Texas Courts have filed their motion to dismiss on multiple legal grounds, including lack of personal jurisdiction. The plaintiff bears the burden of establishing the court's jurisdiction over the persons of the defendants, and the plaintiff must allege in his pleadings the facts essential to show jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)).

Personal jurisdiction may be either "general" or "specific." *Intera Corp. V. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). General jurisdiction exists when a defendant's "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2012). The undersigned Magistrate Judge finds that there are no facts alleged in the complaint to support a conclusion that

---

[1]Although O'Kroley has failed to include a copy of the Google search result with his complaint, a copy of a screenshot of this result appears in the record at Docket Entry No. 31-1 at 4.

[2]Although O'Kroley has filed no response in opposition, the Court is nevertheless required to ensure that defendants have discharged their burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

Defendant Texas Courts have maintained continuous and systematic contacts within Tennessee sufficient to support general personal jurisdiction here.

Specific personal jurisdiction is proper where the claims in the case arise from or are related to the defendant's contacts within the forum state. *Intera Corporation*, 428 F.3d at 615 (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997)). In the case of *Southern Machine Company v. Mohasco Industries, Inc.*, the Sixth Circuit Court of Appeals promulgated a three-prong test to guide the determination of whether specific jurisdiction exists and also to protect the due process rights of a defendant. 401 F.2d 374, 381 (6th Cir. 1968). The Court stated as follows:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.*

Applying the *Southern Machine* test to this case, the undersigned finds that the complaint contains no facts to support a conclusion that Defendant Texas Courts purposefully availed themselves of the privilege of acting in Tennessee or causing a consequence in Tennessee. According to the complaint, O'Kroley performed an internet search at a website owned and operated by the

4

Google search engine. The result from this internet search led to another website allegedly operated by Defendant Fastcase, Inc. that contained the text of orders entered by the Texas appellate courts. There are no facts alleged in the complaint suggesting that the Defendant Texas Courts had anything to do with the language displayed in the Google search result claimed by Plaintiff to link his name falsely with a criminal charge against an unrelated third person.

With respect to the second *Southern Machine* prong, there are no facts supporting a finding that Plaintiff's claim arises from activities of the Texas Courts within Tennessee. Finally, the undersigned finds that the complaint fails to allege facts to support a conclusion that the acts of Defendant Texas Courts, or the consequences thereof, have a substantial enough connection with Tennessee to make the exercise of personal jurisdiction over the Texas Courts reasonable.

For the reasons stated in this report and recommendation, the undersigned Magistrate finds that the complaint fails to allege facts sufficient to support the exercise of personal jurisdiction over Defendant Texas Courts in this district. Since such jurisdiction is a necessary prerequisite to maintaining this action here, the undersigned Magistrate Judge finds that it is unnecessary to address at this time the additional legal grounds asserted by Defendants in their motion to dismiss.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Plaintiff's complaint against the Texas Courts Defendants be dismissed without prejudice for lack of personal jurisdiction, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 1st day of November, 2013.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge