```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION


COLIN O'KROLEY,                   )
                                  )
          Plaintiff               )
                                  )         No. 3:13-0780
v.                                )         Judge Campbell/Bryant
                                  )         **Jury Demand**
FASTCASE INC, GOOGLE, TEXAS       )
OFFICE OF COURT ADMINISTRATION,   )
11TH COURT APPEALS, YASNI.COM,    )
                                  )
          Defendants              )
```

**TO:   THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

Defendant Google, Inc. has filed its motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No. 30), to which Plaintiff O'Kroley has responded in opposition (Docket Entry No. 41). Google has filed a reply (Docket Entry No. 48).

For the reasons stated below, the undersigned Magistrate Judge recommends that Google's motion to dismiss be granted and that the complaint against this Defendant be dismissed with prejudice.

### STATEMENT OF THE CASE

Plaintiff Colin O'Kroley, who is proceeding *pro se*, has filed this action alleging that Defendants have wrongfully and falsely suggested in the result of an Internet search that he has

been charged with or convicted of a crime – indecency with a child. O'Kroley asserts a multitude of causes of actions arising from this search request result, including invasion of privacy, defamation, intentional infliction of emotional distress, violation of the Tennessee Personal Rights Protection Act, Tenn. Code Ann. § 47-25-1105, negligence, libel and other claims[1] (Docket Entry No. 1).

Defendant Google has filed its motion to dismiss for failure to state a claim.

**SUMMARY OF FACTS ALLEGED IN THE COMPLAINT**

In summary, O'Kroley alleges that on or about August 7, 2012, he went to the public library in Fairview, Tennessee, and there performed an Internet search for his own name using the Google Internet search engine. He asserts that the result of this search included the following entry:

> Texas Advance Sheet March 2012 – Google Books Result
> books.google.com/books?id=kO1rxn9COwsC...
> Fastcase - 2012
> ...indecency with a child in Trial Court Cause N ...
> Colin O'Kroley v. Pringle. (Tex. App.,. 2012). MEMORANDUM
> OPINION On February 9, 2012, **Colin O'Kroley** filed in.

O'Kroley claims that the foregoing search result, which includes his name in a sentence fragment separated by an ellipsis from another sentence fragment including the words "indecency with

---

[1]Plaintiff includes among his causes of action several terms that are actually alternative forms of relief, such as injunctive relief, endorsement fees, seal records, and anonymous filing. He also includes several claims that afford no civil remedy, such as impersonating a judge, practicing psychology without a license, psychological torture, bullying, cyber-bullying, and obstruction of justice.

a child," wrongfully suggests or implies that he had been accused or convicted of this crime.[2]

## STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Ashcroft v.*

---

[2]A Google search engine user who clicked on the blue hyperlink contained in the foregoing search result would next see the following information from the Texas Advance Sheets:

> **Buchanan v. Cline (Tex. App. 2012)**
> MEMORANDUM OPINION This appeal arises from Timothy W. Buchanan's pro se civil action filed against twelve individuals that served on a Borden County grand jury that indicted him, the court reporter and the former sheriff. The trial court entered an order of dismissal with respect to appellant's claims against these fourteen defendants (hereinafter collectively referred to as "appellees") for want of prosecution. We affirm. Appellant is an inmate in the Institutional Division of the Texas Department of Criminal Justice. He is currently serving a sixty year-sentence for his conviction occurring on Page 2 November 1, 2000, for aggravated sexual assault of a child. Appellant's conviction arose from Trial Court Cause No. 192 in the 132nd District Court of Borden County. This court affirmed his conviction in 2002 in Cause No. 11-00-00368-CR. This appeal concerns appellant's indictment in Trial Court Cause No. 193. The grand jury indicted him for indecency with a child in Trial Court Cause N ...
>
> **O'Kroley v. Pringle (Tex. App., 2012)**
>
> [PAGE BREAK]
>
> MEMORANDUM OPINION On February 9, 2012, Colin O'Kroley filed in this Court a pro se "Request for appeal of Partial Summary Judgment Order & Decision made 8/11/2011 with a simultaneous request for continuance OR (alternatively) motion for recusal of Judge Robert Moore and rehearing of partial summary judgment hearing in District Court [...]

(Docket Entry No. 31-1 at 6).

3

*Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rules of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . .

4

transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" *Dixie v. Ohio*, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## ANALYSIS

Defendant Google asserts that it has statutory immunity from O'Kroley's claims pursuant to provisions of the Communications Decency Act, 47 U.S.C. § 230. Section 230(c)(1) provides as follows: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." Section 230(e)(3) provides as follows:

> Nothing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section. No cause of action may be brought and no liability may be imposed under any State of local law that is inconsistent with this section.

This statute defines the term "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or education institutions."

Google argues that it satisfies the statutory definition of "interactive computer service" and, therefore, it is immune from

5

liability as a publisher of the subject information in this case, pursuant to 47 U.S.C. § 230(c)(1). In response, Plaintiff O'Kroley argues that Google's automated algorithm excerpted language from the Texas Advance Sheet to create the physical juxtaposition of two sentence fragments separated by an ellipsis, and that this resulting "snippet" is defamatory, although the underlying information from the Texas Advance Sheet, when read in its entirety, clearly is not.[3] O'Kroley argues in substance that Gooogle's editing process that produced the subject search result created new content, which deprives Google of the immunity afforded by the statute.

Reviewing courts have treated Section 230(c) immunity as "quite robust," and have adopted a relatively expansive definition of "interactive computer service" and a relatively restricted definition of "information content provider." *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2013). Courts have found that Congress has declared it to be the policy of the United States to "promote the continued development of the Internet and other interactive computer services," and "to preserve the vibrant and competitive free market that presently exists for the

---

[3] For purposes of this report and recommendation, the undersigned assumes, but does not decide, that a reasonable Google user, considering the totality of the circumstances, could interpret the Google search result as defamatory to O'Kroley. *See generally Knievel v. ESPN*, 393 F.3d 1068, 1079-81 (9th Cir. 2005); *Underwager v. Channel 9 Australia*, 69 F.3d 361, 366 (9th Cir. 1995).

Internet and other interactive computer services." *Id*. (quoting 47 U.S.C. § 230(b)). In furtherance of this policy, courts have found that the statutory immunity from being treated as the publisher of information provided by an interactive computer service also extends to acts normally related to a publisher's role. *Ben Ezra, Weinstein & Co. v. America Online, Inc.*, 206 F.3d 980, 986 (10th Cir. 2000) ("Congress clearly enacted § 230 to forbid the imposition of publisher liability on a service provider for the exercise of its editorial and self-regulatory functions."); *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997) ("The provision [§ 230] 'precludes courts from entertaining claims that would place a computer service provider in a publisher's role,' and therefore bars 'lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone, or alter content.'"); *Gavra v. Google, Inc.*, 2013 WL 3788241 at *3 (N.D. Calif. July 17, 2013) (For purposes of § 230 immunity, publication includes reviewing, editing, and deciding whether to publish or withdraw from publication third-party content.); *Merritt v. Lexis Nexis Screening Solutions, Inc.*, 2013 WL 3242952 at *3 (E.D. Mich. June 26, 2013) ("[Plaintiff] attempts to hold Lexis Nexis 'liable for decisions relating to the monitoring, screening, and deletion of content from its network – actions quintessentially related to

a publisher's role' and 'Section 230 specifically proscribes liability in such circumstances'").

From a review of cases decided under Section 230 of the Communications Decency Act, the undersigned Magistrate Judge has found no case that makes the precise claim that O'Kroley makes here – that the underlying information, viewed in its entirety, is not defamatory, but that it has been rendered defamatory by Google's automated editing process that juxtaposed two sentence fragments in the snippet. Nevertheless, based upon the "robust" immunity afforded under Section 230, the undersigned Magistrate Judge finds that the editorial acts of Google creating the offensive search result are subject to statutory immunity. For the foregoing reasons, the undersigned Magistrate Judge finds that Google is immune from all claims in the complaint, and that Google's motion to dismiss must be granted.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendant Google's motion to dismiss be GRANTED, and that the complaint against this Defendant be dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said

objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 27th day of May, 2014.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge