IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COLIN O'KROLEY )
)
) NO. 3-13-0780
) JUDGE CAMPBELL
FASTCASE INC., et al. )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 52), Objections filed by the Plaintiff (Docket No. 55), and Opposition to Plaintiff's Objections (Docket No. 56), filed by Defendant Google Inc.

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, the Opposition, and the file. The Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved.

Plaintiff contends that when he performed an Internet search for his own name, the search result obtained through Defendant Google's Internet search engine wrongfully suggested or implied that Plaintiff was accused or convicted of a crime. As pointed out by the Magistrate Judge, Plaintiff has asserted a "multitude" of causes of actions arising from this search request result.

Defendant argues that, as a provider of an interactive computer service, it is entitled to immunity from Plaintiff's claims pursuant to the Communications Decency Act: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The Act defines "interactive computer service" as any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including

specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions. 47 U.S.C. § 230(f)(2).[1]

The Sixth Circuit recently held that Section 230 protects internet service providers for the display of content created by someone else. *Jones v. Dirty World Entertainment Recordings LLC*, 2014 WL 2694184 at * 6 (6th Cir. June 16, 2014). Immunity applies to the extent that an interactive computer service provider is not also the information content provider. *Id*. at * 8. If a website operator is in part responsible for the creation or development of content, then it is an information content provider as to that content and is not immune from claims predicated on it. *Id*. The Act expressly bars lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions - such as deciding whether to publish, withdraw, postpone or alter content. *Id*. at * 14.

Plaintiff argues that Google is an information content provider of this information because of the way it presented the information in the search result. Plaintiff avers that Google became an information content provider by altering, transforming and/or developing the underlying content to give it defamatory meaning. Defendant argues that Plaintiff's search result was generated automatically through the use of an algorithm that extracts content from an underlying web page.

The Court agrees with the Magistrate Judge that the automated editorial acts of Google in publishing the information which was the search result did not make Google an information content provider and did not take away Google's statutory immunity from Plaintiff's claims.

---

[1] Section 230(c) immunity has been understood by courts to be expansive and robust. *Jones*, 2014 WL 2694184 at * 7.

Therefore, Defendant Google's Motion to Dismiss (Docket No. 30) is GRANTED, and Plaintiff's claims against Defendant Google are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE